RISTE *v.* GRAND TRUNK WESTERN RAILROAD COMPANY.

1. RAILROADS—PEDESTRIANS—INSTRUCTIONS—REQUEST TO CHARGE.
   Instruction in pedestrian's action against railroad company for injuries, claimed to have been sustained by reason of having caught his foot in flangeway at street crossing, that issue presented was whether or not injury was sustained in manner claimed *held*, proper and to have rendered unnecessary proffered request to charge that plaintiff would not be barred from recovery because he failed to extricate himself by unlacing his shoe, since it raised an irrelevant issue.

2. SAME—ARGUMENT TO JURY—SAVING QUESTION FOR REVIEW.
   Argument to jury in pedestrian's action for injury sustained at street crossing of railroad, made after specific elimination in presence of jury of issue of contributory negligence, that if plaintiff was really "there" as testified, with his shoe caught in the flangeway, plaintiff had ample time to untie his shoe and extricate his foot *held*, not improper, since the primary address thereof was to plaintiff's credibility rather than to the ousted issue of contributory negligence, and even if improper, plaintiff failed to save the question for review.

Appeal from Kent; Searl (Fred N.), J. Submitted June 13, 1962. (Docket No. 57, Calendar No. 49,632.) Decided October 1, 1962.

Case by James Riste against Grand Trunk Western Railroad Company, a Michigan corporation, for damages resulting from loss of leg while foot was entrapped in rails at crossing. Verdict and judgment for defendant. Plaintiff appeals.

*Ernest F. Hapke* and *Albert Lopatin,* for plaintiff.

*Varnum, Riddering, Wierengo & Christenson (F. William Hutchinson* and *Peter Armstrong,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 44 Am Jur, Railroads § 450.

BLACK, J. This case was assigned to the writer August 30th last. In pursuance of such assignment the following proposed opinion is submitted to other members of the Court this 14th day of September 1962.

Plaintiff's suit is for negligence. He claimed and testified that his shoe became caught as presently indicated where defendant's tracks crossed Lafayette avenue in Grand Rapids; that defendant's freight train was approaching the crossing a considerable distance away with full visibility and ample time for discovery by the engineer and fireman of his predicament; that the engineer and fireman failed to act preventively with respect to such visible and discoverable peril when ample time intervened for such discovery and prevention and, on account thereof, that his left leg was run over and thereafter amputated some 6 inches above the knee.

The case was tried to court and jury and resulted in a verdict for defendant. Following entry of judgment upon the verdict plaintiff moved for a new trial. We quote as follows from the trial judge's helpfully comprehensive opinion by which the motion was denied:

"This case was well prepared and well tried by competent and experienced lawyers. The taking of the testimony occupied 3 days. We certainly cannot start out with the assumption that juries are prejudiced against plaintiffs who have lost a leg or in favor of railroad companies.

"The plaintiff's testimony, if believed, established that the accident occurred when plaintiff caught his shoe in a flangeway between a rail and the plank of a pedestrian crossing and was unable to extricate the same before being run over by defendant's train.

"Defendant's evidence was to the effect that the accident could not have happened in this manner for 4 reasons:

"(1) Had plaintiff been in the position claimed, defendant's engineer and fireman would have seen him and they did not do so although maintaining a careful lookout;

"(2) The conditions of plaintiff's shoe;

"(3) The fact that the pilot on the engine (cow-catcher) would have injured other portions of plaintiff's body had he been in the position claimed;

"(4) If the entire train had run over plaintiff's leg, as claimed, it would have wholly severed the leg and that the leg was not wholly severed.

"As will appear, there was only 1 issue with respect to liability submitted to the jury—did the accident happen as plaintiff claimed it did? The jury found for defendant and, therefore, found that plaintiff failed to satisfy it of the truth of his claims.

"The issue was one of fact and was for the jury and not for the court to decide. The burden of proof was on the plaintiff. The jury had a right to disbelieve him, *Green* v. *Detroit United Railway*, 210 Mich 119; *Rogers* v. *City of Detroit*, 340 Mich 291. * * *

"The trial judge became convinced that if the accident happened as plaintiff claimed it did, defendant was liable because defendant's witnesses, the engineer and the fireman, testified in substance that if plaintiff had been at the crossing with his foot caught in the flangeway, they could and would have seen him and stopped the train in time to avoid the accident. Accordingly, the court believed that if plaintiff was there as he claimed, defendant was clearly guilty of discovered negligence in failing to stop the train and to avoid the accident.

"The matter was discussed with counsel in the absence of the jury. Defendant's counsel did not agree, urging that there was an issue of contributory negligence to go to the jury. Plaintiff's counsel, however, did agree and the jury was instructed accordingly. It, therefore, became unnecessary to submit to the jury the fine points of the law relating to defendant's negligence, plaintiff's contributory negli-

gence and defendant's discovered negligence.   Nor
was there any point in instructing them with regard
to the so-called emergency rule."

*First:* Plaintiff charges that reversible error re-
sulted from denial below of his request to charge
No. 7.  The request reads:

"The court instructs you that the law does not
require a man to act reasonably in situations of
emergency and if you find that the plaintiff, as the
train approached the crossing, had caught his foot
in the flangeway and was unable to extricate his foot
in his struggle to do so before the arrival of the
train, and if you further find that the condition of
the flangeway was due to the negligence of the de-
fendant, notwithstanding that the plaintiff might
have extricated his foot from the flangeway by un-
lacing his shoe, the fact that he did not do so will
not bar his recovery and your verdict will be for
the plaintiff."

Since the issue of contributory negligence was
completely withdrawn from jury consideration, by
instruction (presently quoted) which was quite as
favorable to plaintiff as the nature of the case would
permit, request No. 7 presented an irrelevant issue.
The trial judge instructed the jury, properly as we
conceive considering the issue as submitted and
tried:

"He says that is the way it happened.   The rail-
road says that is not the way it happened, that it
could not have happened in that way.   That is the
issue for you to decide.   If it did happen that way,
then the railroad company is liable, because upon
their own statements and their own testimony, if he
was there with his foot caught they could have seen
him and should have seen him and should have
stopped the train and not hit him.

"On the other hand, if he wasn't there, if he didn't
catch his foot in the flangeway before the train came

around that curve, if he didn't stand there while that train was approaching, then there is no liability in this case, because we haven't tried this case on any other theory, on any other statement of facts. If he got hurt in some other way, then he cannot recover."

*Second:* Plaintiff complains that defense counsel, knowing Judge Searl had definitely advised all counsel prior to jury arguments that the question of contributory negligence would be eliminated—as it was—by direct instruction, was guilty of prejudicial argument of the pleaded defense of contributory negligence and that such argument constituted reversible error. The criticized argument appears connectedly in appellant's appendix. It consists of forcible forensic that, if plaintiff was really "there" as testified, with his shoe caught, then he, plaintiff, had ample time within which to untie his shoe and safely extricate his foot. Such argument, granting that it was cogent and vigorous, was not improper since the primary and definitely permissible address thereof was to plaintiff's credibility rather than to the ousted issue of contributory negligence.

But, assuming *arguendo* that such argument for defendant was objectionable, plaintiff's counsel elected not to raise the point. Having the tactically effective right of final reply by closing argument, counsel manifestly led the trial judge to believe that only the known and duly raised questions required judicial attention. It is not even shown that, at close of all arguments, counsel again—in view of what they now deplore—pressed upon the trial judge their quoted request No. 7.

The totality of all this considered, we conclude that the standard rule "No objection—no ruling—no error presented" must be applied. See *Herbert* v. *Durgis,* 276 Mich 158, 166, quoting in part from *Gubas* v. *Bucsko,* 219 Mich 553, 556.

The exceptional rule of *Steudle* v. *Yellow & Check-er Cab & Transfer Co.*, 287 Mich 1, followed in the recent case of *Clark* v. *Grand Trunk W. R. Co.*, 367 Mich 396, 401, 402, has no niche here. In the first place that "line of demarcation between an absolutely prejudicial argument" and "extravagant phrases spoken in the heat of argument" (quotation from *Steudle*, p 12) was not crossed in the case before us. In the second place, *Steudle* and *Clark* both disclose timely and regular objections to the argument held prejudicial. Here there was none, as we have said.

Affirmed. Costs to defendant.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.