GREWE v MOUNT CLEMENS GENERAL HOSPITAL

1. PHYSICIANS AND SURGEONS—MALPRACTICE—RIGHT TO PRACTICE—INSTRUCTIONS TO JURY.

Failure by a trial judge in a malpractice case to give a requested instruction to the effect that a verdict for the plaintiff would in no way affect the defendant hospital's right to do business or the defendant doctor's right to practice medicine was not error where the plaintiff argues that the defendants implied the possibility of such an effect of an adverse verdict but does not indicate how or where the defendants created such an implication and where the requested instruction is not legally correct in that an unfavorable verdict could have an effect on the doctor's right to practice medicine in this state (MCLA 338.109).

2. PHYSICIANS AND SURGEONS—MALPRACTICE—STANDARD OF CONDUCT —IMPLIED CONTRACTS.

The standard used to determine whether a physician has breached an implied contract is the same as the standard employed to determine whether a physician is guilty of malpractice; therefore, where a plaintiff's complaint recites one count alleging medical malpractice and a second count alleging a breach by a physician of an implied contract the second count is redundant and a trial court did not err by striking it.

3. DEPOSITIONS—OBJECTIONS—EVIDENCE—HEARSAY.

A trial court did not err in sustaining a defendant's objection to the admission of a portion of a certain deposition into evidence

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 214.
Malpractice: propriety and effect of instruction or argument directing attention to injury to defendant's reputation or standing. 74 ALR2d 662.

[2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 96, 99, 106.

[3] 23 Am Jur 2d, Depositions and Discovery § 103.

[4] 29 Am Jur 2d, Evidence §§ 799, 800.

[5] 31 Am Jur 2d, Expert and Opinion Evidence §§ 51, 58, 67, 68.
Use of medical or other scientific treatises in cross-examination of expert witnesses. 60 ALR2d 77.

where the plaintiff's argument addressed itself to the admissibility of depositions in general and not to the admissibility of the special matter excluded by the trial court and where it appears, from a review of the record, that the matter excluded was hearsay.

4. EVIDENCE—BUSINESS ENTRIES—ADMISSIBILITY—MEDICAL DIAGNOSES —STATUTES.

The business entry statute applies only to a writing made as a memorandum of any act, transaction, occurrence or event and does not apply to diagnoses; a plaintiff suffered no prejudice in the exclusion from evidence of a report, made by a since-deceased radiologist and containing an analysis of certain X-rays, where the X-rays themselves were received into evidence and the plaintiff secured the testimony of another radiologist to interpret the X-rays (MCLA 600.2146).

5. EVIDENCE—WITNESSES—EXPERT WITNESSES—CROSS-EXAMINATION— TEXTBOOKS.

Precluding cross-examination of an expert medical witness on the basis of certain medical textbooks was error where the witness recognized the textbooks as authoritative in the field, because it is no longer the rule in this state that such an expert witness must do more than recognize such a textbook as authoritative in the field but must also refer to it as his authority.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 June 21, 1972, at Detroit. (Docket No. 11335.) Decided May 22, 1973. Leave to appeal denied, 390 Mich —.

Complaint by LaVerne Grewe against Mount Clemens General Hospital and Michael Fugle, D. O., for damages for injuries sustained during treatment for other injuries. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Lopatin, Miller, Bindes & Freedman* (by *Michael H. Feiler),* for plaintiff.

*Kitch & Suhrheinrich, P. C.,* for defendants.

Before: Lesinski, C. J., and Levin and V. J. Brennan, JJ.

V. J. Brennan, J. Plaintiff suffered a dislocated shoulder and sought treatment at defendant hospital. Plaintiff filed suit against the hospital and the defendant doctor alleging that their negligence in treating his injury resulted in additional injuries. Plaintiff now appeals as of right from a judgment entered pursuant to a jury verdict of no cause for action returned in favor of defendants, following trial of plaintiff's medical malpractice suit against said defendants.

The first of the six arguments raised by the plaintiff is that the trial court erred by failing to give a requested charge to the effect that a verdict in favor of the plaintiff would in no way affect defendant hospital's right to do business or defendant doctor's right to practice medicine. The plaintiff argues that the defendants implied the possibility of such an effect of an adverse verdict; however, the plaintiff does not indicate how or where the defendants created such an implication. Furthermore, plaintiff's requested charge is not legally correct. A verdict in favor of the plaintiff could have an effect on the doctor's right to practice medicine in this state (MCLA 338.109; MSA 14.579). Therefore, the trial court properly denied plaintiff's requested instruction.

The second argument raised by the plaintiff is that the trial court erred by striking the second count of plaintiff's complaint which alleged that the defendants had breached an implied contract. However, the standard used to determine whether a physician has breached an implied contract is the same as the standard employed to determine whether a physician is guilty of malpractice. (See *Miller v Toles,* 183 Mich 252 [1914], and *Abbe v*

*Woman's Hospital Association,* 35 Mich App 429 [1971]). The second count of plaintiff's complaint is therefore redundant, and the trial court did not err by striking it.

Plaintiff's third argument is that the trial court erred by sustaining an objection to the admission of a portion of a certain deposition into evidence. First, the plaintiff in his argument addresses himself to the admissibility of depositions in general, and not to the admissibility of the specific matter excluded by the trial court herein. From our review of the record, it appears that the matter excluded was apparently hearsay. Furthermore, the defendants' failure to object to the testimony at the time the deposition was taken does not preclude an objection at trial. GCR 1963, 308.3(1).

The plaintiff also argues that the trial court committed error by refusing to admit into evidence a report made by a radiologist who is now deceased. The report contained an analysis of certain x-rays taken of plaintiff's shoulder. The business entry statute (MCLA 600.2146; MSA 27A.2146) on which the plaintiff relies, only applies to a writing " * * * made as a memorandum of any act, transaction, occurrence or event * * * "; it does not apply to diagnoses. *Bond v Greenwood,* 34 Mich App 41, 43 (1971). Also, the x-rays themselves were received into evidence and plaintiff secured the testimony of another radiologist to interpret the x-rays and therefore suffered no prejudice.

The plaintiff's fifth argument is that the trial court improperly precluded cross-examination of a defense witness on the basis of certain medical textbooks. The witness had recognized the books in question as authoritative in the field. Nevertheless, the trial court did not permit cross-examination from the textbooks. At the time the trial court

made its decision, it was in accord with the Michigan rule. The rule was that in order to cross-examine an expert from a text he must do more than recognize it as authoritative, he must refer to it as his authority. *De Haan v Winter,* 258 Mich 293 (1932); *Fisher v Bernard,* 21 Mich App 260 (1970). The long line of Michigan cases adhering to this rule were overruled by our Supreme Court in *Jones v Bloom,* 388 Mich 98 (1972). In accordance with the holding therein, we must reverse.

Plaintiff's remaining allegation of error does not merit discussion.

Reversed and remanded.

LESINSKI, C. J., concurred.

Judge LEVIN did not participate.