## MARCHLEWICZ v STANTON

1. PHYSICIANS AND SURGEONS—EVIDENCE—MALPRACTICE—STANDARD
   OF CARE—EXPERT TESTIMONY—QUESTION FOR JURY.

   The testimony of experts is required to establish that a doctor has
   breached the standard of care required of him and if such
   testimony is not adduced, no question is presented for jury
   determination.

2. PHYSICIANS AND SURGEONS—EVIDENCE—NEGLIGENCE—MALPRAC-
   TICE—EXPERT TESTIMONY—STANDARD OF CARE—QUESTION FOR
   JURY.

   The plaintiff failed to establish negligence or malpractice on the
   part of the defendant, an orthopedic surgeon, in his treatment
   of the plaintiff for arthritic degenerative change of the head of
   the right femur by the performance of a cup arthroplasty
   procedure and a physical therapy program, and in failing to
   inform the plaintiff of the consequences of the operation, where
   the only medical testimony he presented to support his claim
   was the depositions of two doctors which, when read in the
   light most favorable to the plaintiff, did not contain any state-
   ment indicating that the defendant failed to follow the accepted
   standard of care either in his diagnosis or treatment of the
   plaintiff; it was error to submit the issue of the defendant's
   negligence to the jury without such evidence.

3. PHYSICIANS AND SURGEONS—EVIDENCE—CONTRACTS—NEGLIGENCE—
   EXPRESS PROMISE TO CURE—QUESTION FOR JURY.

   A plaintiff patient claiming in contract and negligence against a
   doctor need not plead or prove the existence of a "special
   contract"; it is necessary only that testimony be adduced from
   which the jury could find the existence of an "express promise

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Physicians and Surgeons §§ 198, 202, 203.
[2] 61 Am Jur 2d, Physicians and Surgeons §§ 208–211.
[3] 61 Am Jur 2d, Physicians and Surgeons § 149.
[4] 61 Am Jur 2d, Physicians and Surgeons § 154.
[5] 61 Am Jur 2d, Physicians and Surgeons §§ 154, 214.
[6] 53 Am Jur, Trial § 909.

to cure or effect a specific result which was in the reasonable contemplation" of the parties and relied on by the plaintiff and the determination of whether an express promise was made lies solely with the jury.

4. PHYSICIANS AND SURGEONS—EVIDENCE—MALPRACTICE—NEGLIGENCE—UNINFORMED CONSENT—CUSTOM AND USAGE.

The question of the negligence of a doctor in failing to inform a patient of the possible consequences of an operation is determined according to the general practice customarily followed by the medical profession in the locality and in the complete absence of any such medical testimony it was error to submit to the jury the issue of uninformed consent.

5. PHYSICIANS AND SURGEONS—MALPRACTICE—NEGLIGENCE—UNINFORMED CONSENT—EVIDENCE—DIRECTED VERDICT.

Absent any medical testimony to confirm the plaintiff's contention that the defendant physician was guilty of negligence in the treatment of the plaintiff and on the issue of uninformed consent, the trial judge erred in allowing these issues to go to the jury and denying the defendant's request for a directed verdict.

6. TRIAL—JUDGES—JURY—DELIBERATION OF JURY—APPEAL AND ERROR.

A trial judge's entry into the jury room and his conversing with the jury foreman after the jury had retired to deliberate constitutes reversible error.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 1 May 15, 1973, at Detroit. (Docket No. 14408.) Decided November 1, 1973. Leave to appeal denied, 391 Mich —.

Complaint by Stanley Marchlewicz against James B. Stanton for damages resulting from malpractice in the medical treatment of the plaintiff, and breach of contract. Verdict and judgment for defendant. Plaintiff appeals. Defendant cross-appeals. Reversed and remanded for a new trial limited to the contract claim.

*Lopatin, Miller, Bindes & Freedman (Michael H. Feiler,* of counsel), for plaintiff.

*Matheny, Schureman, Frakes & Glass,* for defendant.

Before: R. B. BURNS, P. J., and V. J. BRENNAN and VAN VALKENBURG,\* JJ.

V. J. BRENNAN, J. Plaintiff, Stanley Marchlewicz, appeals from a judgment of the Macomb County Circuit Court entered upon a jury verdict of no cause for action. Plaintiff contends that reversible error was committed by the trial judge when he entered the jury room during their deliberations and when he instructed the jury on contributory negligence. Defendant, Dr. James B. Stanton, has filed a cross appeal alleging that the trial court erred in denying his motion for directed verdict.

In May of 1968, plaintiff sought the professional services of defendant, a Board certified orthopedic surgeon, in relation to pain he was suffering in his right hip. After an examination, defendant diagnosed plaintiff's condition as arthritic degenerative change of the head of the right femur. Defendant recommended and plaintiff consented to the performance of a cup arthroplasty.[1] The operation was performed in June of 1968, without any apparent complications. A physical therapy program for plaintiff was begun but he missed many of the sessions. The pain continued after the operation and pain medication was prescribed by defendant. Some improvement in plaintiff's condition was noted but during the eleven months following the operation plaintiff did not regain the proper func-

---

\* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] A cup arthroplasty is a procedure in which the socket of the hip and the head of the femur are reshaped and a cup placed between them to provide a surface on which the bone can move.

tioning of his leg. Therefore, in May of 1969, plaintiff consulted another doctor who suggested that a revision of the cup arthroplasty might be needed. In August of 1969, a revision was performed by Dr. William H. Harris of Boston.

Plaintiff brought this action against defendant in two counts. The first count alleged negligence or malpractice in the treatment of plaintiff, including negligence in the diagnosis, surgery and aftercare, and negligence in failing to properly inform plaintiff as to the consequences of such an operation. The second count alleged breach of contract of employment.

At the close of all the proofs, defendant moved for a directed verdict. The trial judge denied his motion and it is from this ruling that defendant prosecutes his cross-appeal.

In Michigan, the testimony of experts is required to establish that a doctor has breached the standard of care required of him. If such testimony is not adduced, no question is presented for the jury's determination. *Lince v Monson,* 363 Mich 135; 108 NW2d 845 (1961); *Burton v Smith,* 34 Mich App 270; 191 NW2d 77 (1971); *Daniel v McNamara,* 10 Mich App 299; 159 NW2d 339 (1968). In the case at bar, plaintiff had the depositions of Dr. William H. Harris and Dr. Glenn B. Carpenter read into the record. These depositions, when read in the light most favorable to plaintiff, do not contain any statement indicating that Dr. Stanton failed to follow the accepted standard of care either in the diagnosis and treatment of plaintiff or in the eleven months subsequent thereto. Plaintiff attempted to show that the revision was made necessary by the fact that in the original arthroplasty the acetabulum (hip socket) was not reamed out to a depth sufficient to allow

proper placement of the cup. The statements of both doctors were to the contrary. The plaintiff also attempted to show that defendant was negligent in allowing eleven months to pass without altering the treatment program. Dr. Harris, in his deposition, however, stated that it was his experience that almost a year was needed before it could be determined that an arthroplasty was not working out. No other medical testimony on this issue was presented. Under these circumstances, we hold that the trial judge erred in submitting the issue of whether defendant was negligent in his treatment of the plaintiff to the jury. There was no expert testimony presented to support plaintiff's contention that defendant breached the standard of care required of him.

Defendant next contends that count II of plaintiff's complaint is redundant in that it sets forth the same theory as that pleaded in count I, but couched in contract rather than tort language. Defendant further asserts that even if count II properly pleads breach of contract, the proofs failed to establish any jury question. Defendant's contentions in this regard are without merit. In *Guilmet v Campbell,* 385 Mich 57, 69; 188 NW2d 601, 606–607 (1971), a contract and negligence action against a doctor, our Supreme Court, in affirming the trial court's denial of defendant's motion for judgment notwithstanding the verdict, stated:

"What was said, and the circumstances under which it was said always determines whether there was a contract at all and if so what it was. These matters are always for the determination of the fact finder."

It is not necessary, to support plaintiff's claim in this regard, that the existence of a "special con-

tract" be pleaded or proved. It is only necessary that testimony be adduced from which the jury could properly find the existence of an "express promise to cure or effect a specific result which was in the reasonable contemplation" of the parties and relied on by plaintiff. *Guilmet v Campbell, supra.* In the case at bar breach of contract was specifically pleaded and proofs were submitted without objection by defendant until he moved for directed verdict. Plaintiff testified that he was told by Dr. Stanton that the arthroplasty would eliminate any pain from his hip and that he would be normal and back to work within six to eight months. Dr. Stanton's recollection of this conversation was substantially different. Under *Guilmet,* the determination of whether an express promise was made lies solely with the jury. We cannot say that the trial court erred in submitting this issue to the jury. This Court's holding in *Grewe v Mount Clemens General Hospital,* 47 Mich App 111; 209 NW2d 309 (1973), is not to the contrary. In *Grewe,* the plaintiff's second count was based on an alleged breach of an implied contract. That is not the case here.

Defendant also alleges that the trial court erred in submitting the issue of uninformed consent to the jury. The question of whether a doctor is negligent in failing to inform the patient of possible consequences of an operation is to be determined according to the general practice customarily followed by the medical profession in the locality. *Roberts v Young,* 369 Mich 133; 119 NW2d 627 (1963); *McPhee v Bay City Samaritan Hospital,* 10 Mich App 567; 159 NW2d 880 (1968); *Miles v Van Gelder,* 1 Mich App 522; 137 NW2d 292 (1965). An examination of the record in the case at bar reveals a complete absence of any medical testi-

mony that the information imparted by Dr. Stanton to plaintiff, prior to the operation, failed to conform to the standard practice of the medical profession. Absent such testimony, it was error to submit the issue of uninformed consent to the jury.

An examination of the record also indicates, however, that after the jury had retired to deliberate, the trial judge entered the jury room and conversed with the jury foreman. This constitutes reversible error and entitles plaintiff to a new trial. *Zaitzeff v Raschke,* 387 Mich 577; 198 NW2d 309 (1972). However, since the trial judge also erred in not directing a verdict for defendant on the issues of negligence in the treatment of plaintiff and uninformed consent, the new trial is to be limited solely to the contract claim.

Our disposition of this case renders consideration of plaintiff's other assignment of error unnecessary.

Reversed and remanded for proceedings not inconsistent with this opinion.

All concurred.