HOWELL v OUTER DRIVE HOSPITAL

Opinion of the Court

1. Trial—Complaints—Contract Claims—Negligence Claims—Re-
   statement—Jury.

   A claim in a civil complaint which alleged a contract between a
   doctor and his patient to perform proper and necessary medical
   care in executing a surgical operation but which merely re-
   stated an included negligence claim that was rejected by a jury
   was properly stricken by a trial court from the jury's considera-
   tion.

2. Trial—Arguments of Counsel—Prejudice—Preserving Ques-
   tion.

   A claim on appeal that a defense counsel's final argument was
   prejudicial and mischaracterized the plaintiff's theory of the
   case was not upheld where no curative instructions were re-
   quested at trial, plaintiff's counsel indicated he was satisfied
   with the instructions as given, and the trial court properly
   informed the jury that the arguments of counsel were not to be
   considered as evidence.

3. Negligence—Trial—Instructions to Jury—Presumptions—
   Manifest Injustice—Preserving Question.

   Absent manifest injustice, the propriety of a trial court's refusal
   to instruct a jury that the circumstances of a decedent's death

---

References for Points in Headnotes

[1] 76 Am Jur 2d, Trial § 1069 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[3] 75 Am Jur 2d, Trial § 607.
[4] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 214.
   75 Am Jur 2d, Trial § 754 *et seq.*
   Malpractice: propriety and effect of instruction or argument direct-
      ing attention to injury to defendant's professional reputation or
      standing. 74 ALR2d 662.
   Propriety and effect of instructions in civil case on the weight or
      reliability of medical expert testimony. 86 ALR2d 1038.
[5] 29 Am Jur 2d, Evidence § 890.
   Medical books or treatises as independent evidence. 84 ALR2d 1338.
[6] 75 Am Jur 2d, Trial §§ 919-922.

in a hospital following minor surgery raised a presumption of negligence on the part of the defendant doctor and the defendant hospital is not properly preserved for appeal where plaintiff's counsel did not object to the trial judge's failure to give those instructions.

4. NEGLIGENCE—MEDICAL MALPRACTICE—INFORMED CONSENT—INSTRUCTIONS TO JURY—TESTIMONY—STANDARDS.

A trial court may not give an "informed consent" instruction to a jury in a medical malpractice action where there is no testimony to show that the information given by the doctor to the patient regarding the proposed treatment failed to conform to the standards of the medical profession.

5. WITNESSES—MEDICAL WITNESSES—CROSS-EXAMINATION—AUTHORITATIVENESS—JUDICIAL NOTICE.

The use of a medical text to cross-examine a medical witness is properly prohibited where the witness was not asked if he recognized the text as authoritative and the court did not take judicial notice that the text is authoritative.

CONCURRENCE IN PART, DISSENT IN PART BY D. E. HOLBROOK, JR., J.

6. NEGLIGENCE—MEDICAL MALPRACTICE—TRIAL—IMPROPER REMARKS —CRIMINAL LIABILITY—INTENTIONAL INJECTION—REPLY—CURATIVE INSTRUCTIONS.

*All parties to a medical malpractice action are deprived of a fair trial where improper remarks concerning the potential criminal liability of the defendant if found negligent are intentionally injected into the case by counsel to play on the passions of the jurors, even if this type of argument is merely a reply to opposing counsel's argument; the prejudice engendered by such remarks cannot be cured even if a curative instruction is requested.*

Appeal from Wayne, Richard D. Dunn, J. Submitted June 13, 1975, at Detroit. (Docket No. 18342.) Decided December 8, 1975. Leave to appeal applied for.

Complaint by Joanne Howell, Administratrix of the estate of Ralph B. Howell, deceased, against Outer Drive Hospital, a unit of Peoples Community Hospital Authority, and against Dr. John Griz for damages resulting from negligence and breach

of contract. Judgment for defendants. Plaintiff appeals. Affirmed.

*Lopatin, Miller, Bindes & Freedman,* for plaintiff.

*Kitch, Suhrheinrich & Getto, P. C.* (by *Michael L. Freeman* and *Gregory Drutchas),* for defendant Outer Drive Hospital.

*Schureman, Frakes, Glass & Wulfmeier,* for defendant Dr. John Griz.

Before: BRONSON, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

V. J. BRENNAN, J. On March 26, 1968, decedent Ralph Howell entered Outer Drive Hospital to have Dr. John Griz perform minor surgery on his finger. Approximately 36 hours after the operation, Ralph Howell died. His wife Joanne, acting as administratrix of his estate, sued both Outer Drive Hospital and Dr. Griz alleging negligence and breach of contract by both defendants. After a four-week trial, the jury returned verdicts of no cause of action as to both defendants. Plaintiff appeals as of right.

The basic thrust of plaintiff's case was that Ralph Howell died as the result of an allergic reaction to the morphine administered to him as a painkiller after the operation. Plaintiff also contended that hospital records indicated Ralph Howell had previously suffered allergic reactions to morphine, and that Dr. Griz was under a duty to consult these records before administering any drug to decedent. Plaintiff introduced expert testimony which indicated that autopsy findings sup-

ported the theory that plaintiff died of an allergic reaction to the drug.

The defendants' theories were manifold. They argued that the hospital records did not actually indicate that Howell was allergic to morphine. They claimed that prior to the operation Howell was asked whether he was allergic to any drugs, and his response was negative. They argued that it was not standard practice for a doctor to check a patient's medical history before giving painkillers to that patient. Finally, they introduced much expert testimony to the effect that the autopsy findings were inconclusive, and that the cause of Howell's death was undeterminable.

On appeal, plaintiff first alleges that the trial judge erred in withholding the breach of contract claim from the jury's consideration. After hearing all the proofs, the judge ruled that there was insufficient evidence introduced to show either an express or implied contract.

In her complaint, plaintiff made the following allegations concerning the existence of a contract:

"That the plaintiff decedent herein when he entered the defendant institution did contract with them on the 26th day of March, 1968, that *they would perform proper and necessary medical care for the surgery* that he required to his first finger, that the plaintiff decedent herein did perform his part of the contract and that said defendants herein *did breach their contract to the plaintiff decedent herein, in failing to furnish him with the proper anaesthetic as well as in failing to take a history before the anaesthetic was given and in giving him an overdose of medication while he was confined in the defendant institution all of which acts precipitated his death* on or about the 28th day of March, 1968, which, in fact, amounted to a breach of contract by the defendants herein through their agents and servants * * * ." (Emphasis added.)

In arguing that the judge erred in striking the contract claim, plaintiff points to certain trial testimony of Dr. Griz. Under the holding of *Guilmet v Campbell,* 385 Mich 57; 188 NW2d 601 (1971), Dr. Griz's testimony is arguably sufficient to support the claim that he contracted to make Howell "whole or normal". Unfortunately, plaintiff's complaint does not contend that the parties contracted to make Ralph Howell "normal". The complaint only indicates that Dr. Griz would "perform proper and necessary medical care for the surgery". We think that the jury's "no cause" verdict on the issue of negligence indicates that they found Dr. Griz had properly performed.

Likewise, plaintiff alleges that this contract was breached by:

"failing to furnish decedent with proper anaesthetic, as well as in failing to take a history before the anaesthetic was given and in giving him an overdose of medication."

These same allegations appeared in the negligence complaint, and were rejected by the jury. Unlike *Guilmet, supra,* we think that this case is an instance where plaintiff's contract claim merely restated her negligence claim and was therefore properly stricken by the trial judge.[1] In a situation where plaintiff's second count of her complaint merely restates the first, the trial court may properly strike the second count. *Grewe v Mt Clemens*

---

[1] Although the issue is not raised by any party on appeal, it cannot be seriously argued that the issue of whether there was a contract to make Howell "normal" was tried by consent of the parties. *See* GCR 1963, 118.3. Dr. Griz's testimony covers 400 pages of transcript. The testimony which arguably refers to a contract to cure constitutes approximately two pages. Because the terms of the surgery agreement were relevant to show whether Dr. Griz promised "proper medical care", defendants' failure to object to these few pages of testimony cannot be seen as consent to the trying of the contract to cure theory.

*General Hospital,* 47 Mich App 111; 209 NW2d 309 (1973).

Plaintiff claims defense counsel's final argument was prejudicial; that it mischaracterized plaintiff's theory of the case. Defendant answers by claiming that plaintiff's argument cast a criminal pall or image on the defendants and their argument was in defense of plaintiff's charges. We agree that there were strong remarks made on both sides; however, the trial court properly informed the jury that their arguments were not to be considered as evidence. Our profession tends to lend itself to verbosity. Getting carried away in argument is by no means rare; and, sometimes it is done well.

No special curative instructions were requested on this point and, in fact, counsel indicated they were satisfied with the instructions as given concerning this issue. We find no error here.

Plaintiff next contends that the trial judge erroneously refused to instruct the jury that the circumstances of Ralph Howell's death raised a presumption of negligence on defendants' part and that defendants had the burden of coming forward with a reasonable explanation for his death. *Hand v Park Community Hospital,* 14 Mich App 371; 165 NW2d 673 (1968), is cited for this proposition.

This issue is not properly preserved for appeal. Plaintiff's counsel did not object to the trial judge's failure to give these instructions. Under GCR 1963, 516.2, this failure to object precludes review, except to avoid a manifest injustice. *Sayles v Lilak & Moore, Inc,* 32 Mich App 721; 189 NW2d 118 (1971). Plaintiff is unable to point to any case which holds that anytime a young patient dies in a hospital, a presumption of negligence is raised. *Hand, supra,* and other cases cited by plaintiff are

clearly distinguishable on their facts. No manifest injustice occurred when the trial judge failed to instruct on plaintiff's novel theory, and thus plaintiff's failure to object precludes further review.

The next allegation of error concerns the trial judge's failure to give an "informed consent" instruction to the jury. Plaintiff did not plead a lack of informed consent in her complaint. Nor did she object to the judge's failure to give the instruction to the jury. Thus, the issue is not properly before us. GCR 1963, 516.2. An examination of the record in this case indicates that there was no medical testimony to show that the information given by Dr. Griz to Ralph Howell failed to conform to the standards of the medical profession. Under these circumstances, the trial judge would have erred in giving an "informed consent" instruction to the jury. *Marchlewicz v Stanton,* 50 Mich App 344; 213 NW2d 317 (1973).

Finally, plaintiff contends that the trial judge erred in not allowing her to use the third edition of Goodman and Gilman's text on pharmacology to cross-examine Dr. Griz. Because Dr. Griz was never asked if he recognized the third edition as authoritative, and because the trial judge did not take judicial notice that the text was authoritative, no error occurred when the judge prohibited its use in cross-examination. *Jones v Bloom,* 388 Mich 98; 200 NW2d 196 (1972). Furthermore, the trial judge did allow extensive cross-examination by means of the second edition of the text, and we fail to see how plaintiff was prejudiced in any manner.

Looking at the record as a whole we feel the plaintiff had her day in court; a fair trial was had by both sides. The jury simply did not find liability, and there is evidence that supports this find-

ing. We will not disturb their verdict based upon the facts of this record.

Affirmed. Costs to be assessed to plaintiff.

BRONSON, P. J., concurred.

D. E. HOLBROOK, Jr., J. *(concurring in part, dissenting in part).* I concur with the majority that the trial court properly dismissed the contract count. However, I dissent from the majority's conclusion that the following remarks by Dr. Griz's counsel were not so prejucicial as to deprive plaintiff of a fair trial:

"First of all we started out as a professional malpractice case and it has turned into a conspiracy to commit murder and cover it up.

"Now, if you believe what Mr. Lopatin has told you, you'd better not only bring in a verdict for the plaintiff, but you'd better convict him of murder.

\*   \*   \*

"Because of the negligence in the care for this patient, and ignored him, in getting some kind of a ring, that was his word. Dr. Quiloz a member of the ring, along with Dr. Griz, and if they covered up this man's death, they are guilty of the worst kind of felony.

"Dr. Griz should not be allowed to practice medicine, in fact, he ought to be in Jackson Prison. Now, that's what you have to believe if you take plaintiff's story, and the way it has been presented to you.

\*   \*   \*

"All right, Dr. Griz stands before you accused of the worst that I told you, what the felon is I don't know \*  \*  \* ."

Defendants attempt to justify these improper remarks by calling them a reply to argument

made by plaintiff's counsel.[1] *Mason v Lovins,* 24 Mich App 101, 116–117; 180 NW2d 73 (1970), *Agee v Williams,* 17 Mich App 417, 424; 169 NW2d 676 (1969). However, in his first argument plaintiff's counsel merely argued from the evidence that the defendants or their agents had sought to cover up the cause of decedent's death. This was a counter to defendants' claim that decedent's cause of death was a complete and unexplainable mystery.[2] Plaintiff's counsel did not inject the issues of murder, conspiracy to commit murder, Dr. Griz being a felon, or sending Dr. Griz to Jackson prison into the case.

When improper remarks are intentionally injected into a case counsel runs the risk that he will thereby create reversible error. *Cachola v The Kroger Co,* 32 Mich App 577, 559; 189 NW2d 112 (1971). In this case defense counsel sought to play on the passions of the jurors by injecting innuendos of what could happen to his client if the jury held against his client. *Layton v Cregan & Mallory Co, Inc,* 269 Mich 574, 580–581; 257 NW 888 (1934), *Morrison v Skeels,* 16 Mich App 727, 736; 168 NW2d 644 (1969). Even if this type of argument is a mere reply to opposing counsel's argument, it can invite reversal since it serves to help deprive all parties of a fair trial. *Sauve v Carling Brewing Co,* 374 Mich 487, 491; 132 NW2d 655 (1965). But see *People v Szczytko,* 390 Mich 278, 293; 212 NW2d 211 (1973).

---

[1] There can be no doubt that these remarks were improper. *Sauve v Carling Brewing Co,* 374 Mich 487, 489–490; 132 NW2d 655 (1965), *Clark v Grand Trunk Western R Co,* 367 Mich 396, 398–399; 116 NW2d 914 (1962), *Layton v Cregan & Mallory Co, Inc,* 269 Mich 574, 580–581; 257 NW 888 (1934), *Lapasinskas v Quick,* 17 Mich App 733, 736; 170 NW2d 318 (1969), *Morrison v Skeels,* 16 Mich App 727, 729–730; 168 NW2d 644 (1969).

[2] Cf. *Hand v Park Community Hospital,* 14 Mich App 371; 165 NW2d 673 (1968), *Ybarra v Spangard,* 25 Cal 2d 486; 154 P2d 687; 162 ALR 1258 (1944).

Furthermore, these remarks could not have been cured even if a curative instruction had been requested. *Clark v Grand Trunk Western R Co,* 367 Mich 396, 401; 116 NW2d 914 (1962), *Steudle v Yellow & Checker Cab & Transfer Co,* 287 Mich 1, 12; 282 NW 879 (1938), *Hatten v Bain,* 16 Mich App 10, 14; 167 NW2d 466 (1969). In this case an objection was made but it was overruled by the trial court stating it was "very liberal with argument". See *Riste v Grand Trunk Western R Co,* 368 Mich 32, 37; 117 NW2d 161 (1962). Defense counsel then used this as a license to continue his remarks in this vein. This argument served to deprive plaintiff of a fair trial.

I would reverse the judgment of the trial court and remand for a new trial on the negligence count.