## Sagulla v. Scullin

*Richard J. Fidei*, for plaintiff.
*James A. Wood*, for defendant Scullin.
*Terry C. Cavanaugh*, for defendant Greenville Hospital.

STRANAHAN, *P.J.*, November 22, 1982—This action was brought by plaintiff, Joyce L. Sagulla,

against defendant, John P. Scullin, M.D., Greenville Orthopedic Associates and Greenville Hospital to recover damages for injuries she suffered as a result of an operation she underwent to correct a herniated muscle in her lower left leg. Dr. Scullin diagnosed the problem and recommended surgery which he also agreed to perform. Complications arose after the surgery and plaintiff alleges that the surgery was performed negligently. Counts I and V of plaintiff's complaint are in assumpsit and they allege that Dr. Scullin and Greenville Hospital breached an implied contract with plaintiff to use reasonable care and skill in performing the surgery. Counts II and IV are in trespass and they also allege that Dr. Scullin and the Greenville Hospital failed to use reasonable care and skill in the treatment of her herniated muscle. Count III alleges that Mrs. Sugulla did not give her informed consent to the surgery because Dr. Scullin failed to adequately disclose the risks attendant to the surgery. This matter is before the court on defendant's preliminary objections requesting that the assumpsit counts be striken because they are redundant and unnecessary in light of the trespass counts which allege the breach of the same duty.

"In the absence of a special contract, a physician is neither a warrantor of a cure, nor a guarantor of the result of his treatment." Mason v. Western Pennsylvania Hospital, 286 Pa. Super. 354, 358, 428 A. 2d 1366, 1368 (1981); Collins v. Hand, 431 Pa. 378, 246 A. 2d 398 (1968); Smith v. Yoke, 412 Pa. 378, 194 A. 2d 167 (1963); Carl v. Matzko, 213 Pa. Super. 446, 249 A. 2d 808 (1968). An example of what a "special contract" might be is contained in Shaheen v. Knight, 11 D. & C. 2d 41 (1956). In that case plaintiff had defendant doctor perform a vasectomy on him. The operation proved to be a failure when plaintiff's wife gave birth to another

child a year and a half after the operation. Plaintiff sued only in assumpsit. Defendant filed premilinary objections alleging that an action against the doctor could only be based in negligence. The court disagreed, stating:

A doctor and his patient, however, are at liberty to contract for a particular result. If that result be not obtained, the patient has a cause of action for breach of contract. . . . Negligence is the basis of malpractice, while the action in contract is based upon a failure to perform a special agreement. Id at 44 (citations omitted); see also Mason v. Western Pennsylvania Hospital, 286 Pa. Super. 354, 428 A. 2d 1366 (1981).

It is clear from a reading of plaintiff's complaint that she does not allege the existence of any special contract. The alleged breach is nothing more than the failure to use reasonable care and skill in performing the surgery on her left leg. The precise issue in this case is whether a count based in assumpsit alleging a doctor's failure to use reasonable care and skill in performing surgery can be stricken when a count based in trespass contains identical allegations.

Pennsylvania courts, on two occasions, have held that the assumpsit count can be stricken as redundant because the standard used to determine the breach of an implied contract is the same standard used to determine if the physician was negligent. In Friedline v. Bryan, 26 Cumb. L.J. 232 (1975), the court held, in a medical malpractice suit, that the assumpsit count could be dismissed as redundant when the complaint also contained a count in trespass and where both counts allege a breach of the same duty. The court noted that the implied contract theory developed before courts recognized a

cause of action grounded in negligence. With the emergence of the negligence theory use of the implied contract theory diminished. The court determined that the action for medical malpractice sounded in tort and the action was properly instituted and maintained in trespass. Id. at 234.

In Peterman v. Geisinger Medical Center, 8 D. & C. 3d 432 (1978), plaintiff had x-rays taken at defendant-hospital. Due to a mix-up plaintiff's doctor was given the wrong set of x-rays. These x-rays indicated the presence of a tumor in the subject's colon.

Plaintiff's doctor recommended immediate surgery and when that was performed the doctor could not find the presence of any tumor. It was then discovered that the hospital had given the doctor the wrong x-rays. An action was brought against the hospital and counts III, IV and V of the complaint alleged the existence of a contract between plaintiff and defendants. The court sustained preliminary objections to these counts and ordered that they be stricken, stating:

Plaintiffs concede that the contract claims essentially duplicate the tort counts. Further plaintiffs concede that the case is primarily a tort matter, and that the governing principles fundamentally sound in tort.

• • •

In our view, however, the contract claims are redundant and, as such, should be dismissed. The gravamen of plaintiffs' action is in tort, and therefore one properly instituted and maintained in trespass: Friedline v. Bryan, 26 Cumber. 231 (1975); see also Universal Film Exchange, Inc. v. Hirsh, 21 D. & C. 2d 154 (1960). 8 D. & C. 3d at 436-7 (1960).

This rule has been followed in other jurisdictions. In Grew v. Mount Clemens General Hospital, 47 Mich. App. 111, 209 N.W. 2d 309 (1973), plaintiff went to defendant hospital for treatment of a dislocated shoulder. Plaintiff filed suit alleging that the treatment led to other injuries. On appeal from a jury's verdict in defendants' favor the court stated:

The second argument raised by plaintiff is that the trial court erred by striking the second count of plaintiff's complaint which alleged that defendant had breached an implied contract. However, the standard used to determine whether a physician has breached an implied contract is the same as the standard employed to determine whether a physician is guilty of malpractice. . . . The second count of plaintiff's complaint is therefore redundant, and the trial court did not err by striking it. Id. at 310.

The Grew case was relied on in Howell v. Outer Drive Hospital, 66 Mich. App. 142, 238 N.W. 2d 553 (1976) (plaintiff's contract claim which merely restated her negligence claim was properly stricken by trial judge).

In count I of her complaint, after setting forth her meeting with Dr. Scullin and his recommendation, plaintiff states:

17. As a result of the *negligence* of Dr. Scullin, plaintiff has been, and may in the future be required to incur medical and hospital expenses, including but not limited to the following: (Emphasis added.)

• • •

After setting forth the particular damages she wishes to recover, the complaint continues:

19. The damages which plaintiff has sustained were *caused by* the *negligence* of Dr. Scullin and by

his failure to render proper care and treatment to plaintiff in the following particulars:

• • •

(j) Dr. Scullin failed to possess or to exercise the ordinary skill, care and diligence of a physician and orthopedic surgeon in the treatment of plaintiff, and

(k) Dr. Scullin failed to exercise reasonable care for plaintiff's safety under the circumstances. (Emphasis added.)

These passages are taken from count I of plaintiff's complaint. This is the count based in assumpsit. They do not allege the breach of the ordinary duty of due care. The same can also be said for counts IV and V which set forth the complaint against Greenville Hospital. Because these paragraphs ring so clearly of negligence as opposed to breach of contract, it is no wonder that they were incorporated verbatium into count II which is the count based in trespass.

Plaintiff's complaint is clearly predicated on the alleged failure of Dr. Scullin and the hospital to use reasonable care and skill in her treatment. Under these circumstances the rule set forth in Friedline and followed in Peterman clearly applies. Because her assumpsit counts merely state the same foundation as her trespass counts and because her claim sounds in tort, counts I and V should be stricken. Plaintiff will not be denied her day in court. She still has a viable claim in tort for the allegedly negligent treatment rendered by Dr. Scullin and the Greenville Hospital.

## ORDER

And now, November 22, 1982, defendants' preliminary objection requesting that the assumpsit

counts be stricken is granted and it is directed that this case shall proceed solely on the trespass counts.