## HAND *v.* PARK COMMUNITY HOSPITAL

1. NEGLIGENCE—EVIDENCE—DIRECTED VERDICT—CIRCUMSTANTIAL EVIDENCE.

    Trial judge's direction of verdict for defendant in a negligence action because there was no direct evidence of negligence *held,* reversible error when circumstances were such that the jury could reasonably infer negligence on the part of the defendant.

2. SAME—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—PRESUMPTION OF NEGLIGENCE.

    The mere fact that an injury happened raises a presumption of negligence by someone where the injury would not ordinarily have occurred if due care had been used.

3. SAME—EVIDENCE—SUFFICIENCY—DIRECTED VERDICT.

    Evidence that plaintiff entered defendant hospital for treatment of a stroke, which partially paralyzed his right side; that when he entered the hospital he had no burns on his body; and that a few days later, while still in the hospital, he was suffering from moderately severe burns on the right side of his body *held,* sufficient to defeat defendant's motion for directed verdict even though plaintiff did not remember being burned, could offer no testimony about how he got the burns, and had had visitors during his stay in the hospital.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 38 Am Jur, Negligence § 344.
[2] 38 Am Jur, Negligence § 290.
[4] 38 Am Jur, Negligence §§ 295, 301, 308–311.

4. SAME—EVIDENCE—SUFFICIENCY—INFERENCES—DUTY TO GO FOR-
  WARD.

  A hospital having care of a patient who suffers an injury that
    would not ordinarily occur in the absence of negligence, has
    the burden of coming forward with an explanation of the
    cause of the injury, if it wishes to meet the permissible in-
    ference that the injury was caused by the hospital's negligence.

Appeal from Common Pleas Court of Detroit, Connolly (John W.), J. Submitted Division 1 June 8, 1967, at Detroit. (Docket No. 2,922.) Decided November 29, 1968.

Action by Arthur Ray Hand against Park Community Hospital, a Michigan corporation, for injuries sustained while plaintiff was being treated at defendant hospital. Defendant's motion for directed verdict granted. Plaintiff appeals. Reversed and remanded for new trial.

*Kelman, Loria, Downing & Schneider (David R. Kratze,* of counsel), for plaintiff.

*Alexander, Buchanan & Conklin (Arnold N. Magnuson,* of counsel), for defendant.

LEVIN, J. Plaintiff Arthur Hand entered the defendant hospital for treatment of a stroke. He was partially paralyzed on his right side and unable to move his right arm. Approximately 3 days later the plaintiff's wife was notified that he had suffered an injury. Substantial portions of the right side of his body had become burned. At the trial, she testified that there were no burns on his body when he entered the hospital. Plaintiff testified he did not recall the cause of his injury and offered no evidence of the cause. The transcript showed that

the plaintiff was, to use defense counsel's description, unable "to testify normally".

The trial judge granted the defendant's motion for a directed verdict at the close of the plaintiff's proofs stating: "There has been no showing of negligence on the part of these people; there wasn't any showing at all. The mere fact he was in the hospital is not evidence of negligence."

We remand for a new trial. Although the plaintiff did not offer any direct evidence of negligence, the circumstances were such that the jury could reasonably infer negligence on the part of the defendant.

Pictures of the injury showed the plaintiff had sustained severe burns extending over a large portion of his paralyzed right thigh, right buttock, right arm and right side of the back. Generally, as the trial judge correctly observed, the mere occurrence of an injury does not in and of itself permit an inference that it was caused by someone's negligence. However "where a thing happens which would not ordinarily have occurred if due care had been used, the fact of such happening raises a presumption of negligence in someone." *Barnowsky* v. *Helson* (1891), 89 Mich 523, 525. See, also, *Pattinson* v. *Coca-Cola Bottling Company of Port Huron* (1952), 333 Mich 253; *Gadde* v. *Michigan Consolidated Gas Company* (1966), 377 Mich 117; *Patrick* v. *Pulte-Strang, Inc.* (1967), 8 Mich App 487. In our opinion burns of the severity and extent suffered by the plaintiff ordinarily do not occur to one bedded down in a hospital unless someone has been negligent. Hence it would have been neither speculative nor conjectural for the jury to have concluded from the fact that such injury was sustained under such circumstances that it was caused by someone's negligence.

Plaintiff was in the defendant's care when his injury occurred. True, visitors were allowed and it is possible that the injury was caused by the act of someone other than one of defendant's servants. However, the absence of exclusive control does not necessarily preclude an inference of negligence in the circumstances of this case. *Gadde* v. *Michigan Consolidated Gas Company, supra,* pp 124, 125. The question is whether "in the light of all of the evidence —circumstantial, direct, or whatsoever it may be, the plaintiff has produced sufficient evidence from which a jury might make a finding of negligence." *Lipsitz* v. *Schechter* (1966), 377 Mich 685, 690.

We think the plaintiff proved all he could have been expected to prove in this case.[1] He had suffered a stroke and was paralyzed on the side of his body where the burns occurred. It is entirely understandable that his injury could have been sustained without his either being aware it was occurring or recalling at trial the cause of its occurrence. A hospital having care of such a patient that desires to counter the permissible inference that the injury was caused by its negligence is obliged to come forward with an explanation of the cause of the injury which persuades the trier of fact not to draw such inference or which so overcomes the inference that the court concludes it would no longer be reasonable for the trier of fact to draw the inference.

Substantially analogous on its facts is *West Coast Hospital Ass'n* v. *Webb* (Fla, 1951), 52 So 2d 803. There the patient while in a diabetic coma suffered serious burns at the defendant's hospital. The plaintiff there, like the plaintiff here, was unable to show

---

[1] See 9 Wigmore on Evidence, § 2486; *Skeen* v. *Stanley Co. of America* (1949), 362 Pa 174 (66 A2d 774, 776); *Lake* v. *Callis* (1953), 202 Md 581 (97 A2d 316, 319).

the cause of her burns.  The court concluded that the plaintiff had made a prima facie case upon showing that she had sustained injuries in the manner described.

In *Danville Community Hospital, Inc.* v. *Thompson* (1947), 186 Va 746 (43 SE2d 882), a newborn child, presumably conscious, as plaintiff here may have been when his injury was sustained, but nevertheless helpless, as was the plaintiff, suffered a burn of unknown origin which the court concluded the trier of fact had justifiably found to have occurred after the baby left the attending physician's care and while she was in the nursery; the court held that under the circumstances it was entirely reasonable for the jury to have inferred that the baby's injury was caused by the hospital's negligence, emphasizing that the hospital had failed to offer another explanation for the occurrence of the injury suffered by the infant.

In *Beaudoin* v. *Watertown Memorial Hospital* (1966), 32 Wis 2d 132 (145 NW2d 166), the plaintiff recovered although she was only able to prove that upon awakening from the effects of anesthesia following an operation she found blisters on a portion of her body that had not been operated upon, even though it was possible that the blisters had been caused by her general condition or an allergic reaction rather than by the hospital's negligence. Patients have recovered from hospitals in a number of other cases for injuries of unknown cause which occurred while the patient was unconscious during the course of medical treatment at a hospital.  See, *e. g., Ybarra* v. *Spangard* (1945), 25 Cal 2d 486 (154 P2d 687),[2] and *Frost* v. *Des Moines Still College of*

___

[2] In *Oldis* v. *LaSociete Francais de Brenfaisance Mutuelle* (1955), 130 Cal App 2d 461 (279 P2d 184, 186) the patient discovered burns following his return from surgery.  California's intermediate appellate court found applicable to the case there at bar the rule de-

*Osteopathy and Surgery* (1957), 248 Iowa 294 (79 NW2d 306). In *Ybarra* v. *Spangard* the California Supreme Court declared (p 691):

"Where a plaintiff receives unusual injuries while unconscious and in the course of medical treatment, all those defendants who had any control over his body or the instrumentalities which might have caused the injuries may properly be called upon to meet the inference of negligence by giving an explanation of their conduct."[3]

Reversed and remanded for a new trial. Costs to plaintiff.

FITZGERALD, P. J., and T. G. KAVANAGH, J., concurred.

---

clared by its Supreme Court in *Ybarra* v. *Spangard, supra,* and made the following pertinent observation:

"Those principles are applicable in our case even though the plaintiff herein was not 'unconscious' throughout the critical period. He was in great pain as a result of the operation and his senses were dulled by the administration of pain-relieving drugs. That makes the more credible his testimony that he did not know what caused the burn, nor when it happened; testimony it might be difficult to believe if he had at all times been in full possession of his faculties."

[3] Compare *Koepel* v. *St. Joseph Hospital and Medical Center* (1967), 8 Mich App 609, reversed on other grounds (1969), 381 Mich 440.