662 P.2d 455

**Margaret CARRANZA, individually and as Guardian ad litem of Antonia Carranza, a minor, Plaintiffs/Appellants,**

v.

**TUCSON MEDICAL CENTER, an Arizona corporation; and Adib Sabbagh and Jane Doe Sabbagh, husband and wife, Defendants/Appellees.**

No. 2 CA–CIV 4596.

Court of Appeals of Arizona, Division 2.

Feb. 28, 1983.

-John F. Corcoran, Tucson, for plaintiffs/appellants.

Chandler, Tullar, Udall & Redhair by Edwin M. Gaines, Jr., Tucson, for defendant/appellee Tucson Medical Center.

Slutes, Browning, Sakrison & Grant, P.C. by Tom Slutes, Tucson, for defendants/appellees Sabbagh.

## OPINION

HATHAWAY, Judge.

Appellants, plaintiffs below, have brought this appeal challenging the trial court's granting of appellees' motions for summary judgment. We believe the granting of the motions was error and we reverse.

Appellant Margaret Carranza is the mother of ten-year-old Antonia Carranza. When Antonia was four years old, she was admitted to appellee Tucson Medical Center for heart surgery which was performed on November 24, 1976, by appellee Adib Sabbagh. After the surgery, Antonia's parents noticed a burn on their daughter's left leg. The burn was the basis for a medical malpractice case filed against appellees on November 21, 1979. A medical liability review panel heard the evidence on April 29, 1982, and found unanimously for the appellees on each claim and alleged act of negligence. The granting of the appellees' motions for summary judgment followed.

In response to appellees' motions for summary judgment, the appellant argued

that the doctrine of res ipsa loquitur should be applied in this case. Elements necessary to invoke the doctrine are: (1) The accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) the accident must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) the accident must not have been due to any voluntary action on the part of the plaintiff, and (4) the plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury. *Jackson v. H.H. Robertson Company, Inc.,* 118 Ariz. 29, 574 P.2d 822 (1978).

Appellee Sabbagh concedes that a burn did occur on the child's leg after the surgery and this would indicate "that something unusual occurred in the operating room." He argues, however, that appellants have failed to show that he caused the problem or that the problem was caused by an instrumentality under his control. Such contention is joined in by appellee Tucson Medical Center and in addition, it alleges that appellants failed to make any showing that the accident was caused by an agency or instrumentality within its exclusive control, that appellants failed to show that this was an accident which does not occur in the absence of someone's negligence, and that since appellants failed to name all parties who were present and participated in the operation as defendants, the exclusive control condition necessary for application of the doctrine is missing.

■ Appellees maintain there is nothing to show that the accident which occurred was due to their negligence. The general rule is that in malpractice suits, negligence on the part of a physician or surgeon must be established by expert medical testimony. *Revels v. Pohle,* 101 Ariz. 208, 418 P.2d 364 (1966). However, our supreme court in *Revels* noted:

"This rule is in accord with the weight of authority generally where the defendant's use of suitable professional skill is the subject calling for expert testimony only, or the question to be determined is strictly within special and technical knowledge of the profession and not within the knowledge of the average layman. But the force of the rule is broken when the omission comes within the realm of common knowledge and thus, there is an exception to the rule that is as well settled as the rule itself, and that is expert testimony is not required where '... the negligence is so grossly apparent that a layman would have no difficulty in recognizing it.' *Boyce v. Brown,* supra, [51 Ariz. 416] at page 421, 77 P.2d [455] at page 457." 101 Ariz. at 210, 418 P.2d 364.

■ In *Beaudoin v. Watertown Memorial Hospital,* 32 Wis.2d 132, 145 N.W.2d 166 (1966), and *Wiles v. Myerly,* 210 N.W.2d 619 (Iowa 1973), both malpractice cases against hospitals and surgeons, patients received burns to their buttocks area after operations in other parts of their bodies. In *Beaudoin,* supra, the court found that the doctrine of res ipsa loquitur should apply since a layman was able to conclude as a matter of common knowledge that burns such as the plaintiff suffered were not directly related to the operative procedure and would not have resulted if due care had been exercised. And in *Wiles,* supra, the court sustained the res ipsa loquitur instructions also writing that common knowledge and experience would tell an ordinary juror that in the course of events, one undergoing surgery does not sustain an unusual injury to a healthy part of his body in an area other than the area of the operation in the absence of negligence. We therefore believe it was unnecessary for appellant to provide expert medical testimony to show that the accident could not have occurred in the absence of someone's negligence. Such is within the realm of common knowledge.

■ The second requirement for application of the doctrine is that the injury was caused by an agency or instrument within the exclusive control of the defendant. Appellees make much of the fact that appellants have not sued the attending personnel who were in the operating room. In their complaint, plaintiffs alleged a principal agent relationship between the surgeon and

the hospital. If a physician or surgeon is, in fact, an employee of a hospital, under respondeat superior, the hospital will be held liable for the tortious acts of the physician or surgeon which are done in the scope of his employment. *Beeck v. Tucson General Hospital*, 18 Ariz.App. 165, 500 P.2d 1153 (1972). In determining whether a doctor is an employee of the hospital or an independent contractor, the facts as presented by the parties must be examined. *Evans v. Bernhard*, 23 Ariz.App. 413, 533 P.2d 721 (1975). As to the fact that no other persons were named as defendants, the record, including the pleadings and interrogatories, make no mention of any other person being present in the operating room. No affidavits were presented to that effect. Therefore, there is a material dispute raised as to "exclusive control" which is incapable of being resolved by summary judgment.

We note that the summary judgments were not supported by any affidavit. The only depositions taken in the case were those of the appellants. The appellee hospital never presented an affidavit by the hospital administrator that Dr. Sabbagh was not an employee of the hospital. Indeed, no affidavit by the doctor himself was presented. Based on the pleadings, we think a sufficient factual basis is raised as to Dr. Sabbagh's relationship to the hospital so as to preclude the granting of summary judgment in favor of appellee hospital. And, as discussed above, a factual issue is raised as to the negligence which occurred sufficient for a jury to decide whether the appellees herein were negligent in causing the injury. The doctrine of res ipsa loquitur is particularly applicable to the injuries suffered by the Carranza child and in the absence of evidentiary support for their motions for summary judgment, the motions were inadequate to dispel the material issues of fact which were raised by the pleadings.

The orders granting the motions for summary judgment are vacated and the matter is remanded for further proceedings.

HOWARD, C.J., and BIRDSALL, J., concur.