NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ERNESTINE GRAYSON, *Plaintiff/Appellant*,

*v.*

BANNER HEALTH, et al., *Defendants/Appellees*.

No. 1 CA-CV 17-0577
FILED 10-11-2018

---

Appeal from the Superior Court in Maricopa County
No.  CV2016-094248
The Honorable David M. Talamante, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

---

COUNSEL

The Roll Law Office, PLLC, Phoenix
By Guy P. Roll
*Counsel for Plaintiff/Appellant*

Quintairos, Prieto, Wood & Boyer, PA, Phoenix
By Andrew E. Rosenzweig, Rita J. Bustos, Michael F. Tamm
*Counsel for Defendant/Appellee Banner Health*

Crawford & Kline, PLC, Tempe
By Peter G. Kline
*Co-Counsel for Defendants/Appellees Patel*

Jones, Skelton & Hochuli, PLC, Phoenix
By Eileen Dennis GilBride
*Co-Counsel for Defendants/Appellees Patel*

Broening Oberg Woods & Wilson, PC, Phoenix
By James R. Broening, Megan E. Gailey, Alicyn M. Freeman
*Counsel for Defendants/Appellees Lutgen*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Randall M. Howe joined.

---

**J O H N S E N**, Judge:

**¶1**       Ernestine Grayson appeals the dismissal of her medical malpractice complaint for failure to file an expert medical opinion affidavit pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2603(F) (2018).[1] For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**       Grayson sued Banner Health d/b/a Banner Thunderbird Medical Center ("Banner"), Dr. Sundeep S. Patel and Jeanine D. Lutgen, P.A., after Patel performed an aortic valve replacement on Grayson at Banner. The surgery involved hundreds of tiny surgical needles because each suture required a separate needle. At the end of the surgery, one needle had not been accounted for. An x-ray revealed its general location in the surgical field inside Grayson's chest. Patel later averred that he spent "significant time" looking for the needle without success before he determined that it was in Grayson's best interest to close the wound and resuscitate her.

**¶3**       In her complaint, Grayson alleged the defendants breached the "standard of care by improperly allowing a retained surgical instrument . . . to remain" in her body. Grayson further alleged that because the defendants' negligence is "obvious," she "does not need to provide medical

---

[1]       Absent material revision after the relevant date, we cite the current version of a statute or rule.

2

expert testimony of the standard of care and breach thereof under the doctrine of *res ipsa loquitur*."

¶4 The defendants moved to compel Grayson to file a preliminary expert opinion affidavit pursuant to A.R.S. § 12-2603(F). Grayson objected, arguing she did not need to provide expert testimony regarding standard of care or breach because retention of a surgical needle in the patient's body following surgery is negligence within the realm of common knowledge. The superior court ordered Grayson to submit an expert affidavit to support her complaint. After Grayson failed to submit the affidavit, the court dismissed her complaint without prejudice pursuant to § 12-2603(F).

¶5 Grayson timely appealed.

## JURISDICTION

¶6 We have an independent duty to determine whether we have appellate jurisdiction, even when the parties do not raise a jurisdictional question. *Baker v. Bradley*, 231 Ariz. 475, 478, ¶ 8 (App. 2013). The superior court dismissed Grayson's complaint without prejudice. A dismissal without prejudice generally is not appealable because it is not a final judgment and does not preclude a party from refiling the complaint. *Workman v. Verde Wellness Center, Inc.*, 240 Ariz. 597, 600, ¶ 7 (App. 2016). For that reason, A.R.S. § 12-2101(A)(1) (2018) does not afford us jurisdiction of Grayson's appeal.

¶7 A dismissal without prejudice can be appealable under § 12-2101(A)(3) when the order effectively determines the action and prevents it from being refiled, such as when the statute of limitations has run. Although it appears the statute of limitations has run on Grayson's medical malpractice claim, Arizona's savings statute, A.R.S. § 12-504(A) (2018), would allow her to commence a new action within six months of the dismissal. *See Garza v. Swift Transp. Co., Inc.*, 222 Ariz. 281, 284, ¶¶ 15-16 (2009). Accordingly, the judgment here is not appealable under § 12-2101(A)(3) because it did not effectively determine the action and prevent it from being refiled.

¶8 Although we lack appellate jurisdiction, this court properly can review the judgment by exercising special action jurisdiction. *See Villares v. Pineda,* 217 Ariz. 623, 624, ¶ 10 (App. 2008) ("Special action jurisdiction is appropriate where there is no 'equally plain, speedy, and adequate remedy by appeal.'") (quoting Ariz. R.P. Spec. Act. 1); *see also Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 35 (App. 2001) (*sua sponte* accepting

special action jurisdiction after finding appellate jurisdiction lacking). Because Grayson has no speedy or adequate remedy by appeal, we elect to exercise discretionary review, treating Grayson's appeal as a petition for special action and accepting special action jurisdiction. *See* A.R.S. § 12-120.21(A)(4) (2018) (court may assume special action jurisdiction "without regard to its appellate jurisdiction").

## DISCUSSION

**¶9**      Grayson contends the superior court erred in requiring her to present a preliminary expert affidavit in support of her medical malpractice claim. We review an order requiring a preliminary expert affidavit for an abuse of discretion. *See Warner v. Sw. Desert Images, LLC*, 218 Ariz. 121, 128, ¶ 14 (App. 2008).

**¶10**      A medical malpractice claim requires proof of a breach of the applicable standard of care and that the breach caused the plaintiff's injuries. *See Seisinger v. Siebel*, 220 Ariz. 85, 94, ¶ 32 (2009); *see also* A.R.S. § 12-563 (2018). "Ordinarily, expert medical testimony is required to establish proximate cause and make out a prima facie case of medical malpractice unless a causal relationship is readily apparent to the trier of fact." *Gregg v. Nat'l Med. Health Care Servs., Inc.*, 145 Ariz. 51, 54 (App. 1985); *see also Peacock v. Samaritan Health Serv.*, 159 Ariz. 123, 126 (App. 1988) (exception to general rule requiring expert medical testimony when "negligence is so grossly apparent that a layman would have no difficulty in recognizing it") (quotation and citation omitted). Generally, a court will not excuse the need for expert testimony unless the plaintiff's injury is completely unrelated to the type of care rendered, *see, e.g.*, *Carranza v. Tucson Med. Ctr.*, 135 Ariz. 490, 492 (App. 1983) (patient's leg burned during heart surgery), or the injury falls far outside the normal risks of receiving medical care, *see, e.g.*, *Tiller v. Von Pohle*, 72 Ariz. 11, 14 (1951) (surgeon left "a cloth sack of considerable size" in patient's abdomen).

**¶11**      Grayson argues that, under the doctrine of *res ipsa loquitur*, the defendants' decision to close the surgical incision before they located and removed the missing needle falls within the realm of common knowledge and therefore does not require expert testimony.

**¶12**      *Res ipsa loquitur* is a rule of circumstantial evidence that allows a plaintiff to present the issue of negligence to a jury when the alleged injury would not normally occur in the absence of negligence. *Schneider v. City of Phoenix,* 9 Ariz. App. 356, 359 (1969); *Lowrey v. Montgomery Kone, Inc.*, 202 Ariz. 190, 192, ¶ 6 (App. 2002). The doctrine permits a trier of fact to draw

an inference of negligence when (1) the injury is "of a kind that ordinarily does not occur in the absence of negligence"; (2) the injury is "caused by an agency or instrumentality subject to the control of the defendant"; and (3) the claimant is not "in a position to show the particular circumstances that caused the offending agency or instrumentality to operate to her injury." *Lowrey*, 202 Ariz. at 192, ¶ 7.

**¶13** But the doctrine of *res ipsa loquitur* applies in a medical malpractice case "only when it is a matter of common knowledge among laymen or medical [personnel], or both, that the injury would not ordinarily have occurred if due care had been exercised." *Ward v. Mount Calvary Lutheran Church*, 178 Ariz. 350, 355 (App. 1994) (quotation and citation omitted). In other words, the doctrine does not change the general rule that expert testimony is required "to establish a departure from the relevant standard of care except when negligence is so clearly apparent that a layman would recognize it." *Sanchez v. Old Pueblo Anesthesia, P.C.*, 218 Ariz. 317, 321, ¶¶ 12-13 (App. 2008), *disapproved on other grounds by Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160 (2017).

**¶14** Grayson's complaint was premised on the contention that the "retention" of the needle during surgery was malpractice. Her complaint alleged the defendants breached the "standard of care by improperly allowing a retained surgical instrument . . . to remain" in her body. In her objection to Banner's expert witness statement, Grayson contended that her "claim results from the retention of a surgical needle during her aortic valve replacement." In her response to Patel's motion to require her to present expert testimony, Grayson argued that her "medical malpractice claim results from the retention of a surgical needle during her aortic valve replacement."

**¶15** In a declaration submitted with his motion to compel Grayson to file an expert affidavit, Patel stated that the surgery was a "lengthy operation" in which "time is of the essence." Patel opined that the benefit to Grayson in spending more time locating the needle was outweighed by "the risk of complications" in continuing to search for the needle. Additionally, he opined that it was not a "deviation from the standard of care for a needle to be retained" and that he "complied with all applicable standards of care in performing" Grayson's surgery. Patel further opined that given where it lay in Grayson's chest, the needle would not injure Grayson.

**¶16** The superior court did not abuse its discretion by requiring Grayson to present an expert affidavit because the negligence she alleged – the defendants' decision to end the surgery knowing a needle had been left

behind in her body – was not so apparent that a layperson could likely recognize it without the assistance of expert testimony. *See Peacock*, 159 Ariz. at 126. Put differently, once the needle was lost, how best to proceed from a medical standpoint would not be apparent to a layperson without the benefit of expert testimony. For this reason, the superior court did not abuse its discretion by concluding it would not be clear to a layperson that the injury Grayson alleged she suffered from the defendants' decision to leave the needle in her body was "a kind that ordinarily does not occur in the absence of negligence." *Lowrey*, 202 Ariz. at 192, ¶ 7.

**¶17**        In her reply brief on appeal, Grayson argues for the first time that the defendants committed negligence by losing the needle in the first place: "The typical layperson . . . [can] understand the act of losing track of something in the course of performing a task is a mistake." We generally will not consider issues first raised in a reply brief, and we decline to do so here. *See Conant v. Whitney*, 190 Ariz. 290, 293 (1997).

**¶18**        Because Grayson failed to establish the first element of *res ipsa loquitur* as to Patel's decision to close the wound without further effort to search for the lost needle, the superior court did not abuse its discretion by requiring Grayson to submit a preliminary expert opinion affidavit. When Grayson failed to submit the required affidavit, the court properly dismissed her complaint, without prejudice, under § 12-2603(F).

## CONCLUSION

**¶19**        For the foregoing reasons, we accept jurisdiction of this appeal as a special action but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA